# American Counseling Association Standards of Practice

All members of the American Counseling Association are required to adhere to the Standards of Practice, which represent minimal behavioral statements of the Code of Ethics. Members should refer to the applicable section of the Code of Ethics for further interpretation and amplification of the applicable Standard of Practice.

**Contents**

Section A: The Counseling Relationship           Page 1
Section B: Confidentiality                       Page 2
Section C: Professional Responsibility           Page 2
Section D: Relationship With Other Professionals Page 3
Section E: Evaluation, Assessment and Interpretation  Page 3
Section F: Teaching, Training, and Supervision   Page 3
Section G: Research and Publication              Page 4
Section H: Resolving Ethical Issues              Page 4

**Section A: The Counseling Relationship**

Standard of Practice One (SP-1): Nondiscrimination. Counselors respect diversity and must not discriminate against clients because of age, color, culture, disability, ethnic group, gender, race, religion, sexual orientation, marital status, or socioeconomic status. (See A.2.a.)

Standard of Practice Two (SP-2): Disclosure to Clients. Counselors must adequately inform clients, preferably in writing, regarding the counseling process and counseling relationship at or before the time it begins and throughout the relationship. (See A.3.a.)

Standard of Practice Three (SP-3): Dual Relationships. Counselors must make every effort to avoid dual relationships with clients that could impair their professional judgment or increase the risk of harm to clients. When a dual relationship cannot be avoided, counselors must take appropriate steps to ensure that judgment is not impaired and that no exploitation occurs. (See A.6.a. and A.6.b.)

Standard of Practice Four (SP-4): Sexual Intimacies With Clients. Counselors must not engage in any type of sexual intimacies with current clients and must not engage in sexual intimacies with former clients within a minimum of 2 years after terminating the counseling relationship. Counselors who engage in such relationship after 2 years following termination have the responsibility to examine and document thoroughly that such relations did not have an exploitative nature.

Standard of Practice Five (SP-5): Protecting Clients During Group Work. Counselors must take steps to protect clients from physical or psychological trauma resulting from interactions during group work. (See A.9.b.)

Standard of Practice Six (SP-6): Advance Understanding of Fees. Counselors must explain to clients, prior to their entering the counseling relationship, financial arrangements related to professional services. (See A.10. a.-d. and A.11.c.)

Standard of Practice Seven (SP-7): Termination. Counselors must assist in making appropriate arrangements for the continuation of treatment of clients, when necessary, following termination of counseling relationships. (See A.11.a.)

Standard of Practice Eight (SP-8): Inability to Assist Clients. Counselors must avoid entering or immediately terminate a counseling relationship if it is determined that they are unable to be of professional assistance to a client. The counselor may assist in making an appropriate referral for the client. (See A.11.b.)

**Section B: Confidentiality**

Standard of Practice Nine (SP-9): Confidentiality Requirement. Counselors must keep information related to counseling services confidential unless disclosure is in the best interest of clients, is required for the welfare of others, or is required by law. When disclosure is required, only information that is essential is revealed and the client is informed of such disclosure. (See B.1. a.+f.)
Standard of Practice Ten (SP-10): Confidentiality Requirements for Subordinates. Counselors must take measures to ensure that privacy and confidentiality of clients are maintained by subordinates. (See B.1.h.)

Standard of Practice Eleven (SP-11): Confidentiality in Group Work. Counselors must clearly communicate to group members that confidentiality cannot be guaranteed in group work. (See B.2.a.)
Standard of Practice Twelve (SP-12): Confidentiality in Family Counseling. Counselors must not disclose information about one family member in counseling to another family member without prior consent. (See B.2.b.)

Standard of Practice Thirteen (SP-13): Confidentiality of Records. Counselors must maintain appropriate confidentiality in creating, storing, accessing, transferring, and disposing of counseling records. (See B.4.b.)

Standard of Practice Fourteen (SP-14): Permission to Record or Observe. Counselors must obtain prior consent from clients in order to record electronically or observe sessions. (See B.4.c.)
Standard of Practice Fifteen (SP-15): Disclosure or Transfer of Records. Counselors must obtain client consent to disclose or transfer records to third parties, unless exceptions listed in SP-9 exist. (See B.4.e.)

Standard of Practice Sixteen (SP-16): Data Disguise Required. Counselors must disguise the identity of the client when using data for training, research, or publication. (See B.5.a.)

**Section C: Professional Responsibility**

Standard of Practice Seventeen (SP-17): Boundaries of Competence. Counselors must practice only within the boundaries of their competence. (See C.2.a.)

Standard of Practice Eighteen (SP-18): Continuing Education. Counselors must engage in continuing education to maintain their professional competence. (See C.2.f.)
Standard of Practice Nineteen (SP-19): Impairment of Professionals. Counselors must refrain from offering professional services when their personal problems or conflicts may cause harm to a client or others. (See C.2.g.)

Standard of Practice Twenty (SP-20): Accurate Advertising. Counselors must accurately represent their credentials and services when advertising. (See C.3.a.)
Standard of Practice Twenty-One (SP-21): Recruiting Through Employment. Counselors must not use their place of employment or institutional affiliation to recruit clients for their private practices. (See C.3.d.)

Standard of Practice Twenty-Two (SP-22): Credentials Claimed. Counselors must claim or imply only professional credentials possessed and must correct any known misrepresentations of their credentials by others. (See C.4.a.)

Standard of Practice Twenty-Three (SP-23): Sexual Harassment. Counselors must not engage in sexual harassment. (See C.5.b.)

Standard of Practice Twenty-Four (SP-24): Unjustified Gains. Counselors must not use their professional positions to seek or receive unjustified personal gains, sexual favors, unfair advantage, or unearned goods or services. (See C.5.e.)

Standard of Practice Twenty-Five (SP-25): Clients Served by Others. With the consent of the client, counselors must inform other mental health professionals serving the same client that a counseling relationship between the counselor and client exists. (See C.6.c.)

Standard of Practice Twenty-Six (SP-26): Negative Employment Conditions. Counselors must alert their

employers to institutional policy or conditions that may be potentially disruptive or damaging to the counselor+s professional responsibilities, or that may limit their effectiveness or deny clients' rights. (See D.1.c.)

Standard of Practice Twenty-Seven (SP-27): Personnel Selection and Assignment. Counselors must select competent staff and must assign responsibilities compatible with staff skills and experiences. (See D.1.h.)

Standard of Practice Twenty-Eight (SP-28): Exploitative Relationships With Subordinates. Counselors must not engage in exploitative relationships with individuals over whom they have supervisory, evaluative, or instructional control or authority. (See D.1.k.)

**Section D: Relationship With Other Professionals**

Standard of Practice Twenty-Nine (SP-29): Accepting Fees From Agency Clients. Counselors must not accept fees or other remuneration for consultation with persons entitled to such services through the counselor+s employing agency or institution. (See D.3.a.)
Standard of Practice Thirty (SP-30): Referral Fees. Counselors must not accept referral fees. (See D.3.b.)

**Section E: Evaluation, Assesment and Interpretation**

Standard of Practice Thirty-One (SP-31): Limits of Competence. Counselors must perform only testing and assessment services for which they are competent. Counselors must not allow the use of psychological assessment techniques by unqualified persons under their supervision. (See E.2.a.)

Standard of Practice Thirty-Two (SP-32): Appropriate Use of Assessment Instruments. Counselors must use assessment instruments in the manner for which they were intended. (See E.2.b.)

Standard of Practice Thirty-Three (SP-33): Assessment Explanations to Clients. Counselors must provide explanations to clients prior to assessment about the nature and purposes of assessment and the specific uses of results. (See E.3.a.)

Standard of Practice Thirty-Four (SP-34): Recipients of Test Results. Counselors must ensure that accurate and appropriate interpretations accompany any release of testing and assessment information. (See E.3.b.)

Standard of Practice Thirty-Five (SP-35): Obsolete Tests and Outdated Test Results. Counselors must not base their assessment or intervention decisions or recommendations on data or test results that are obsolete or outdated for the current purpose. (See E.11.)

**Section F: Teaching, Training, and Supervision**

Standard of Practice Thirty-Six (SP-36): Sexual Relationships With Students or Supervisees. Counselors must not engage in sexual relationships with their students and supervisees. (See F.1.c.)

Standard of Practice Thirty-Seven (SP-37): Credit for Contributions to Research. Counselors must give credit to students or supervisees for their contributions to research and scholarly projects. (See F.1.d.)

Standard of Practice Thirty-Eight (SP-38): Supervision Preparation. Counselors who offer clinical supervision services must be trained and prepared in supervision methods and techniques. (See F.1.f.)

Standard of Practice Thirty-Nine (SP-39): Evaluation Information. Counselors must clearly state to students and supervisees in advance of training the levels of competency expected, appraisal methods, and timing of evaluations. Counselors must provide students and supervisees with periodic performance appraisal and evaluation feedback throughout the training program. (See F.2.c.)

Standard of Practice Forty (SP-40): Peer Relationships in Training. Counselors must make every effort to ensure that the rights of peers are not violated when students and supervisees are assigned to lead counseling groups or provide clinical supervision. (See F.2.e.)

Standard of Practice Forty-One (SP-41): Limitations of Students and Supervisees. Counselors must assist students and supervisees in securing remedial assistance, when needed, and must dismiss from the training program students and supervisees who are unable to provide competent service due to academic or personal limitations. (See F.3.a.)

Standard of Practice Forty-Two (SP-42): Self-Growth Experiences. Counselors who conduct experiences for students or supervisees that include self-growth or self-disclosure must inform participants of counselors+ ethical obligations to the profession and must not grade participants based on their nonacademic performance. (See F.3.b.)

Standard of Practice Forty-Three (SP-43): Standards for Students and Supervisees. Students and supervisees preparing to become counselors must adhere to the Code of Ethics and the Standards of Practice of counselors. (See F.3.e.)

**Section G: Research and Publication**

Standard of Practice Forty-Four (SP-44): Precautions to Avoid Injury in Research. Counselors must avoid causing physical, social, or psychological harm or injury to subjects in research. (See G.1.c.)

Standard of Practice Forty-Five (SP-45): Confidentiality of Research Information. Counselors must keep confidential information obtained about research participants. (See G.2.d.)

Standard of Practice Forty-Six (SP-46): Information Affecting Research Outcome. Counselors must report all variables and conditions known to the investigator that may have affected research data or outcomes. (See G.3.a.)

Standard of Practice Forty-Seven (SP-47): Accurate Research Results. Counselors must not distort or misrepresent research data, nor fabricate or intentionally bias research results. (See G.3.b.)

Standard of Practice Forty-Eight (SP-48): Publication Contributors. Counselors must give appropriate credit to those who have contributed to research. (See G.4.a. and G.4.b.)

**Section H: Resolving Ethical Issues**

Standard of Practice Forty-Nine (SP-49): Ethical Behavior Expected. Counselors must take appropriate action when they possess reasonable cause that raises doubts as to whether counselors or other mental health professionals are acting in an ethical manner. (See H.2.a.)

Standard of Practice Fifty (SP-50): Unwarranted Complaints. Counselors must not initiate, participate in, or encourage the filing of ethics complaints that are unwarranted or intended to harm a mental health professional rather than to protect clients or the public. (See H.2.f.)

Standard of Practice Fifty-One (SP-51): Cooperation With Ethics Committees. Counselors must cooperate with investigations, proceedings, and requirements of the ACA Ethics Committee or ethics committees of other duly constituted associations or boards having jurisdiction over those charged with a violation. (See H.3.)

**References**

The following documents are available to counselors as resources to guide them in their practices. These resources are not a part of the Code of Ethics and the Standards of Practice.

American Association for Counseling and Development/Association for Measurement and Evaluation in Counseling and Development. (1989). The responsibilities of users of standardized tests (rev.). Washington, DC: Author.

American Counseling Association. (1995) (Note: This is ACA's previous edition of its ethics code). Ethical standards. Alexandria, VA: Author.

American Psychological Association. (1985). Standards for educational and psychological testing (rev.). Washington, DC: Author.

Joint Committee on Testing Practices. (1988). Code of fair testing practices in education. Washington, DC: Author.

National Board for Certified Counselors. (1989). National Board for Certified Counselors code of ethics. Alexandria, VA: Author.

Prediger, D. J. (Ed.). (1993, March). Multicultural assessment standards. Alexandria, VA: Association for Assessment in Counseling.