# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FRIEDRICHS HARRIS, Administrator of the**
**Estate of Evan M. Harris, deceased,**

      **Plaintiff,**

**v.**                    **CIVIL ACTION NO:  2:18-CV-39**
                                              **(Bailey)**

**JENNIFER RANDALL REYES and**
**BIG TOP COUNSELING & CONSULTING, LLC,**

      **Defendants.**

## ANSWER OF DEFENDANTS JENNIFER RANDALL REYES and
## BIG TOP COUNSELING & CONSULTING, LLC

COME NOW, Defendants Jennifer Randall Reyes and Big Top Counseling &Consulting, LLC, by and through undersigned counsel, in answer to Plaintiff's Complaint for Damages, stating as follows:

In answer to the enumerated paragraphs in Plaintiff's Complaint for Damages, Defendants state as follows:

1.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 1 and demand strict proof thereof.

2.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 2 and demand strict proof thereof.

3.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 3 and demand strict proof thereof.

4.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 4 and demand strict proof thereof.

5.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 5 and demand strict proof thereof.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint for Damages.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint for Damages.

8.      Defendants admit the allegations contained in Paragraph 8 of the Complaint for Damages, further stating that she is the sole owner.

9.      In answer to Paragraph 9, Defendants deny that they committed any acts of negligence or gross negligence or willful, wanton and reckless conduct. The remaining allegations are legal conclusions that require no answer and are thus denied and strict proof demanded.

10.      The allegations contained in Paragraph 10 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 10 and demand strict proof thereof.

11.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore deny same and demand strict proof thereof.

12.      The allegations contained in Paragraph 12 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 12 and demand strict proof thereof.

13.      Paragraph 13 contains no allegations against Defendants and, thus, no response is required.  To the extent a response is required, Defendants are without knowledge or information

sufficient to form a belief as to the allegations in Paragraph 13 and, therefore, deny same and demand strict proof thereof.

14.     Paragraph 14 contains no allegations against Defendants and, thus, no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 and, therefore, deny same and demand strict proof thereof.

15.     Paragraph 15 contains no allegations against Defendants and, thus, no response is required.  To the extent a response is required, Defendants deny same and demand strict proof thereof.

16.     Paragraph 16 contains no allegations against Defendants and, thus, no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 and, therefore, deny same and demand strict proof thereof.

17.     Paragraph 17 contains no allegations against Defendants and, thus, no response is required.  To the extent a response is required, Defendants deny same and demand strict proof thereof.

18.     Paragraph 18 contains no allegations against Defendants and, thus, no response is required.  To the extent a response is required, Defendants deny same and demand strict proof thereof.

19.     Paragraph 19 contains no allegations against Defendants and, thus, no response is required.  To the extent a response is required, Defendants deny same and demand strict proof thereof.

20.     Paragraph 20 contains no allegations against Defendants and, thus, no response is required.  To the extent a response is required, Defendants deny same and demand strict proof thereof.

21.     Paragraph 21 contains no allegations against Defendants and, thus, no response is required.  To the extent a response is required, Defendants deny same and demand strict proof thereof.

22.     Paragraph 22 contains no allegations against Defendants and, thus, no response is required.  To the extent a response is required, Defendants deny same and demand strict proof thereof.

23.     Paragraph 23 contains no allegations against Defendants and, thus, no response is required.  To the extent a response is required, Defendants deny same and demand strict proof thereof.

24.     Paragraph 24 contains no allegations against Defendants and, thus, no response is required.  To the extent a response is required, Defendants deny same and demand strict proof thereof.

25.     Defendants deny the allegations in Paragraph 25 that are made against these Defendants and are without knowledge or information sufficient to form a belief as to the remaining allegations and, therefore, deny same and demand strict proof.

26.     The report referred to in Paragraph 26 speaks for itself and is the best evidence of its content. To the extent that any of the allegations contained in Paragraph 26 are directed against Defendants, Defendants deny same and demand strict proof.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint for Damages as stated, and demand strict proof thereof.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint for Damages as stated, and demand strict proof thereof.

29.     The document referenced in Paragraph 29 speaks for itself and is the best evidence of its content and, therefore, Defendants deny the allegations as stated and demand strict proof thereof.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint for Damages as stated and demand strict proof thereof.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint for Damages as stated and demand strict proof thereof.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint for Damages as stated and demand strict proof thereof.

33.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Complaint for Damages and, therefore, deny same and demand strict proof.

34.     Defendants are without personal knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint for Damages and, therefore, deny same and demand strict proof.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint for Damages as stated and demand strict proof thereof.

36.     The allegations in Paragraph 36 do not contain allegations directed toward Defendants and, thus, no response is required.  To the extent a response is required, Defendants deny the allegations as stated and demand strict proof thereof.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint for Damages as stated and demand strict proof thereof.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint for Damages as stated and demand strict proof thereof.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint for Damages as stated and demand strict proof thereof.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint for Damages as stated and demand strict proof thereof.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint for Damages as stated and demand strict proof thereof.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint for Damages as stated and demand strict proof thereof.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint for Damages as stated and demand strict proof thereof.

44.     In response to the allegations contained in Paragraph 44, Defendants are without knowledge or information sufficient to form a belief as to whether on January 23, 2016, Evan Harris expressed a strong desire to drink alcohol or was provided counseling by Mark Shockley about addiction or that Mr. Shockley offered to take Evan Harris to an AA meeting, inasmuch as Defendants had not seen Evan Harris since January 21, 2016, and therefore demand strict proof thereof.  In further response, Defendants deny that they did not address addiction issues with Evan Harris and deny the remaining allegations as stated and demand strict proof.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint for Damages as stated and demand strict proof.

46.      Defendants deny the allegations contained in Paragraph 46 of the Complaint for Damages as stated and demand strict proof.

47.      Defendants deny the allegations contained in Paragraph 47 of the Complaint for Damages as stated and demand strict proof thereof.

48.      The first sentence of Paragraph 48 contain no allegations against Defendants and require no response. If a response is required, Defendants deny same and demand strict proof. Defendants deny the allegations contained in the second sentence of Paragraph 48 and demand strict proof thereof.

49.      Defendants deny the allegations contained in Paragraph 49 of the Complaint for Damages that are directed against them and demand strict proof thereof. Defendants deny all other allegations contained in Paragraph 49 as stated and strict proof demanded.

50.      Defendants deny the allegations contained in Paragraph 50 of the Complaint for Damages as stated and demand strict proof thereof.

51.      Defendants deny the allegations contained in Paragraph 51 of the Complaint for Damages as stated and demand strict proof thereof.

52.      Defendants deny the allegations contained in Paragraph 52 of the Complaint for Damages as stated and demand strict proof thereof.

53.      Defendants deny the allegations contained in Paragraph 53 of the Complaint for Damages as stated and demand strict proof thereof.

54.      Defendants deny the allegations contained in Paragraph 54 of the Complaint for Damages as stated and demand strict proof thereof.

55.      Defendants deny the allegation contained in Paragraph 55 of the Complaint for Damages as stated and demand strict proof thereof.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint for Damages as stated and demand strict proof thereof.

57.     Defendants state that the first phrase in Paragraph 57 are legal conclusions that require no response and therefore demand strict proof.  Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57 of the Complaint and demand strict proof thereof.

58.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of the Complaint and, therefore deny same and demand strict proof thereof.

59.     Defendants admit the allegations contained in Paragraph 59 of the Complaint for Damages.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint for Damages.

## **COUNT ONE**

61.     In response to Paragraph 61 of the Complaint for Damages, Defendants restate and incorporate their responses to the preceding paragraphs as if the same were set forth verbatim herein.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint for Damages as stated and demand strict proof thereof.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint for Damages as stated and demand strict proof thereof.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint for Damages as stated and demand strict proof thereof.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint for Damages as stated and demand strict proof thereof.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint for Damages as stated and demand strict proof thereof.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint for Damages as stated and demand strict proof thereof.

68.     Defendants deny that they breached the standard of care as asserted in Paragraph 68 of the Complaint for Damages.

a.      The first sentence of Paragraph 68(a) contains Plaintiff's conclusions that require no response and, thus, strict proof is demanded.  Defendants deny the allegations contained in the second sentence of Paragraph 68(a) and demand strict proof.

b.      The allegations contained in Paragraph 68(b) contain Plaintiff's conclusions that require no response, but to the extent a response is required, Defendants deny the allegations as stated and demand strict proof thereof.  Defendants deny all remaining allegations as stated and demand strict proof thereof.

c.      Defendants deny the allegations contained in the first and third sentence of Paragraph 68(c) and demand strict proof. The remaining allegations in Paragraph 68(c) contains Plaintiff's conclusions that require no response and, thus are denied and strict proof demanded.

d.      Defendants deny the allegations contained in Paragraph 68(d) as stated and demand strict proof.

e.      Defendants deny the allegations contained in Paragraph 68(e) as stated and demand strict proof thereof.

f.      Defendants deny the allegations contained in Paragraph 68(f) of the Complaint for damages as stated and demand strict proof thereof.

g.      Defendants deny the allegations asserted against them in Paragraph 68(g) of the Complaint for Damages as stated and demand strict proof thereof. Other statements are Plaintiff's conclusions that require no response, but to the extent one is required, same are denied and strict proof is demanded.

h.      Defendants deny the allegations contained in Paragraph 68(h) of the Complaint for Damages as stated and demand strict proof thereof.

i.      Defendants deny the allegations contained in Paragraph 68(i) of the Complaint for Damages as stated and demand strict proof thereof.

j.      Defendants deny the allegations asserted against them in Paragraph 68(j) of the Complaint for Damages and demand strict proof thereof. Other statements are Plaintiff's conclusions that require no response, but to the extent one is required, same are denied and strict proof is demanded.

k.      The first sentence of Paragraph 68(k) are Plaintiff's conclusions that require no response, but to the extent one is required, same is denied and strict proof demanded. Defendants deny the remaining allegations contained in Paragraph 68(k) of the Complaint for Damages as stated and demand strict proof thereof.

l.      Defendants deny the allegations contained in Paragraph 68(l) of the Complaint for Damages as stated and demand strict proof thereof.

m.      The first sentence of Paragraph 68(m) are Plaintiff's conclusions that require no response, but to the extent one is required, same are denied and strict proof demanded.

Defendants deny the remaining allegations contained in Paragraph 68(m) of the Complaint for Damages as stated and demand strict proof thereof.

n.      The first three sentences of Paragraph 68(n) are Plaintiff's conclusions that require no response, but to the extent one is required, same are denied and strict proof demanded. Defendants deny the remaining allegations contained in Paragraph 68(n) of the Complaint for Damages as stated and demand strict proof thereof.

o.      The first sentence of Paragraph 68(o) are Plaintiff's conclusions that require no response, but to the extent one is required, same are denied and strict proof demanded. Defendants deny the remaining allegations contained in Paragraph 68(o) of the Complaint for Damages as stated and demand strict proof thereof.

p.      The first sentence of Paragraph 68(p) are Plaintiff's conclusions that require no response, but to the extent one is required, same are denied and strict proof demanded. Defendants deny the remaining allegations contained in Paragraph 68(p) of the Complaint for Damages and demand strict proof thereof.

q.      The first sentence of Paragraph 68(q) are Plaintiff's conclusions that require no response, but to the extent one is required, same are denied and strict proof demanded. Defendants deny the remaining allegations contained in Paragraph 68(q) of the Complaint for Damages as stated and demand strict proof thereof.

r.      Defendants deny the allegations contained in Paragraph 68(r) of the Complaint for Damages as stated and demand strict proof thereof.

s.      Defendants deny the allegations contained in Paragraph 68(s) of the Complaint for Damages as stated and demand strict proof thereof.

t.    Defendants deny the allegations contained in Paragraph 68(t) of the Complaint for Damages as stated and demand strict proof thereof.

u.    Defendants deny the allegations contained in Paragraph 68(u) of the Complaint for Damages as stated and demand strict proof thereof.

69.    Defendants deny the allegations contained in Paragraph 69 of the Complaint for Damages as stated and demand strict proof thereof. Defendants deny that they breached the applicable standard of care in providing services to Evan M. Harris.

70.    Defendants deny the allegations contained in Paragraph 70 of the Complaint for Damages and demand strict proof thereof. Defendants deny that Plaintiff is entitled to recover any damages against them as set forth in Paragraph 70 or otherwise.

## <u>COUNT TWO</u>

71.    In response to Paragraph 71 of the Complaint for Damages, Defendants restate and incorporate their responses to the preceding paragraphs as if the same were set forth verbatim herein.

72.    Defendants deny the allegations in Paragraph 72. In further response, Defendants deny that they breached the standard of care in providing services to Evan M. Harris.

73.    In response to Paragraph 73, Defendants deny that they breached the standard of care in providing services to Evan M. Harris and deny all remaining  allegations.

74.    Paragraph 74 contains Plaintiff's conclusions that require no response. To the extent a response is required, Defendants deny same and demand strict proof.  Defendants deny that they breached the standard of care in providing services to Evan M. Harris.

75.    Paragraph 75 contains legal conclusions that require no response. To the extent a response is required, Defendants deny same and demand strict proof.  Defendants deny that they

breached the standard of care in providing services to Evan M. Harris. Defendants deny that they committed any gross negligence and/or willful, wanton and/or reckless conduct.

76.    Defendants deny that Plaintiff is entitled to any damages set forth in Paragraph 76 or otherwise.

## **COUNT THREE**

77.    In response to Paragraph 77 of the Complaint for Damages, Defendants restate and incorporate their responses to the preceding paragraphs as if the same were set forth verbatim herein.

78.    In response to Paragraph 78 of the Complaint for Damages, Defendants deny that they were in a joint venture with Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht and Tammy Robbins who were named Defendants in Civil Action No. 2:16-cv-46 and affirmatively state that upon information and belief, said Civil Action has been compromised and settled and those Defendants were dismissed with prejudice.

79.    Defendants deny the allegations contained in Paragraph 79 of the Complaint for Damages.

80.    In response to Paragraph 80 of the Complaint for Damages, Defendants deny that they were in a joint venture with Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht and Tammy Robbins who were named Defendants in Civil Action No. 2:16-cv-46, and deny all allegations in Paragraph 80.

81.    In response to Paragraph 81 of the Complaint for Damages, Defendants deny that they were in a joint venture with Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht and Tammy Robbins who were named Defendants in Civil Action No. 2:16-cv-46, and deny all allegations in Paragraph 81.

82.      Defendants deny the allegations contained in Paragraph 82 as stated and demand strict proof.  In further response, Defendants deny that they had any discussions about a joint venture with Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht and Tammy Robbins who were named Defendants in Civil Action No. 2:16-cv-46, and further deny that a joint venture was created.

83.      Defendants all allegations contained in Paragraph 83 and demand strict proof thereof. Defendants deny that any act or conduct by them was negligent or wrongful and further deny that they breached the applicable standard of care.

84.      Defendants deny the allegations contained in Paragraph 84 of the Complaint for Damages and demand strict proof thereof.

85.      Defendants deny that Plaintiff is entitled to any damages as against them as set forth in Paragraph 85 or otherwise.

86.      Paragraph 86 of the Complaint for Damages contains Plaintiff's conclusions that require no response and, thus is denied and strict proof demanded.

87.      Defendants deny each and every allegation not specifically admitted herein.

88.      Defendants deny that Plaintiff is entitled to any relief sought in the prayer for relief or any subsection thereof. Defendants deny that Plaintiff is entitled to any relief sought against.

## **FIRST DEFENSE**

Defendants reserve the affirmative defense that Plaintiff's Complaint fails or may fail to state a claim against them upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Defendants set forth all defenses and immunities available under federal and state constitutional, statutory, and decisional law, including but not limited to any and all affirmative defenses contemplated under Rules 8, 9 and 12 of the West Virginia Rules of Civil Procedure.

## THIRD DEFENSE

The damages allegedly suffered by Plaintiff, if any, were not proximately caused by any act or omission of Defendants, their agents, servants or employees.

## FOURTH DEFENSE

Defendants, not being fully advised of all facts and circumstances regarding Plaintiff's allegations in the Complaint for Damages, hereby reserve unto themselves the defense of assumption of the risk on the part of Plaintiff's decedent.

## FIFTH DEFENSE

Defendant reserves the right to assert a failure by Plaintiff to mitigate damages.

## SIXTH DEFENSE

If Plaintiff suffered injuries or damages as alleged in the Complaint, said injuries or damages were the proximate result of intervening or superseding causes and/or actions by either the plaintiff or other persons, entities, firms or corporations other than Defendants, their agents, servants or employees, for whom Defendants have no responsibility, control or liability.

## SEVENTH DEFENSE

The acts and/or omissions of Plaintiff's decedent were either the sole cause or proximate cause or contribution of the damages of which Plaintiff complains.

## EIGHTH DEFENSE

The injuries and damages complained of are unrelated to any act or conduct by these defendants.

## NINTH DEFENSE

Defendant exercised the applicable professional standard of care in providing care and treatment to the plaintiff's decedent.

## TENTH DEFENSE

Defendants assert that  Plaintiff's filing of the Complaint for Damages on April 9, 2018, was premature and contrary to the statutory scheme applicable to a cause of action against healthcare providers in the State of West Virginia and should be dismissed.

## ELEVENTH DEFENSE

Defendants assert that Plaintiff's claims are or may be barred by the applicable statute of limitations and/or the doctrine of laches.

## TWELFTH DEFENSE

Defendants reserve unto themselves the defense that Plaintiff's claims are or may be barred by the comparative fault or negligence on the part of Plaintiff's decedent and/or that the comparative fault or negligence of Plaintiff's decedent will serve to diminish any award of damages that may ultimately be assessed, as the same may prove applicable.

## **THIRTEENTH DEFENSE**

Plaintiff's suicide is an intervening and superseding act that breaks the chain of causation necessary to hold these defendants liable.

## **FOURTEENTH DEFENSE**

Defendant hereby gives notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery, and hereby reserve their right to amend this answer to assert any such defense.

## **FIFTEENTH DEFENSE**

Punitive damages against Defendants would violate their constitutional rights. Plaintiff's Complaint for Damages, to the extent it seeks punitive or exemplary damages, violates the United States Constitution, and the Constitution of the State of West Virginia, and violates Defendants right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and by the Constitution of the State of West Virginia. Defendants state that they did commit any act or conduct or participate, engage or assist in any act or conduct that could for the basis for a punitive damages award and, therefore, punitive damages are not recoverable against these defendants. Defendants hereby assert all other affirmative defenses that may prove applicable, including but not limited to those defenses specifically set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

Plaintiff's Amended Complaint, to the extent it seeks punitive or exemplary damages violates the United States Constitution, as well as the Constitution of the State of West Virginia, and violates these Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, and the Constitution of the State of

West Virginia, and thereby fails to state a cause of action supporting the punitive or exemplary damages claimed.

Plaintiff's Amended Complaint, insofar as it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of West Virginia, and therefore fails to state a cause of action upon which punitive or exemplary damages can be awarded.

Defendants set forth that Plaintiff's claim for punitive damages constitutes a penalty that violates Defendants' equal protection under the Federal and State Constitutions.

West Virginia law provides no adequate or meaningful standard or guide with objective criteria for fixing, determining or reviewing the amount of a punitive damage award.

Under West Virginia law, the determination of whether to award punitive damages is left to the arbitrary discretion of the trier of fact; there is no meaningful standard or guide for exercising said discretion nor any reasonable constraints upon the exercise thereof.

No provision of West Virginia law provides any adequate or meaningful standard or guide for determining the nature of the conduct upon which the award of punitive damages may be based, nor any statement of public policy to be advanced in the assessment thereof.

No provision of West Virginia law provides adequate procedural safeguards consistent with the United States Constitution criteria for the imposition of a punitive damage award, nor for meaningful review to confirm or determine that such an award is not grossly out of proportion to the severity of the offense, and with some understandable relationship to compensatory damages consistent with West Virginia law.

The very concept of punitive damages whereby an award is made to a plaintiff not by way of compensation but by way of windfall incident to punishing a defendant represents the taking of property without due process.

## SIXTEENTH DEFENSE

Defendants assert, so as not to waive, any and all "waivable" defenses contained in the West Virginia Rules and Federal Rules of Civil Procedure.

## SEVENTEENTH DEFENSE

The West Virginia Medical Professional Liability Act (W.Va. Code 55-7B-1 *et seq.*) contains a statutory limit as well as other statutory provisions and protections, including qualifications for experts and pre-suit requirements, which Defendants incorporate by reference and affirmatively plead as defenses to this action.

## EIGHTEENTH DEFENSE

Defendants preserve and incorporate each and every defense made available under the West Virginia Medical Professional Liability Act.

## NINETEENTH DEFENSE

Defendants did not breach any legal duty owed to Plaintiff or Plaintiff's decedent.

## TWENTIETH DEFENSE

While denying that they are liable to plaintiff, these defendants state that as to any injury or damage sustained by plaintiff, any recovery must be reduced by the percentage of damage caused by the negligent acts or omissions of any other person or entity.

## TWENTY-FIRST DEFENSE

Defendants complied with all legal duties owed pursuant to the West Virginia Medical Professional Liability Act.

## TWENTY-SECOND DEFENSE

Defendants assert that Plaintiff is not entitled to any award of attorney fees.

WHEREFORE, Defendants Jennifer Randall Reyes and Big Top Counseling & Consulting, LLC, demand that Plaintiff's Complaint for Damages be dismissed with prejudice; that Plaintiff recover nothing from these Defendants; that Defendants be awarded judgment in their favor plus costs of suit as sustained, including attorney fees and interest; and that Defendants be awarded such other relief as the Court may deem just and proper.

## TWENTY-THIRD DEFENSE

Defendants deny any and all allegations in the Complaint for Damages that allege or imply any negligence, strict liability in tort, carelessness, wrongfulness, or oth3er fault on the part of Defendants. Defendants deny any and all allegations in the Complaint for Damages that allege or imply any other misconduct on the part of Defendants, that allege or imply that Defendants violated any applicable statutes, rules, regulations or industry standards whatsoever with respect to Even M. Harris or his death, which is the subject of this action.

Defendants demand a trial by jury.

> **JENNIFER RANDALL REYES and
> BIG TOP COUNSELING & CONSULTING,
> LLC**
>
> By counsel:
>
>
> /s/ *Macel E. Rhodes*
> Macel E. Rhodes, Esquire (WVSB #6126)
> ZIMMER KUNZ, PLLC
> 1280 Suncrest Towne Centre
> Morgantown, WV 26505
> Phone: 304-292-8531
> Fax: 304-292-7529
> Email: rhodes@zklaw.com

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**FRIEDRICHS HARRIS, Administrator of the
Estate of Evan M. Harris, deceased,**

      **Plaintiff,**

**v.**                                                             **CIVIL ACTION NO:  2:18-CV-39**
                                                                                    **(Bailey)**

**JENNIFER RANDALL REYES and
BIG TOP COUNSELING & CONSULTING, LLC,**

      **Defendants.**


**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that a true and correct copy of the foregoing **Answer of Defendants**

**Jennifer Randall Reyes and Big Top Counseling & Consulting, LLC,** has been electronically

filed and served upon the following counsel this 30th day of July 2018:


        David A. Sims, Esquire
        Law Offices of David A. Sims, PLLC
        PO Box 5349
        Vienna, WV  26105


                **JENNIFER RANDALL REYES and
                BIG TOP COUNSELING & CONSULTING,
                LLC,**

                By Counsel:

                /s/ *Macel E. Rhodes*
                Macel E. Rhodes, Esquire (WVSB #6126)
                ZIMMER KUNZ, PLLC
                1280 Suncrest Towne Centre
                Morgantown, WV 26505
                Phone: 304-292-8531
                Fax: 304-292-7529
                Email: rhodes@zklaw.com