**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

    Plaintiff,

v.     Civil Action No. 2:18-cv-39

Jennifer Randall Reyes and
Big Top Counseling & Consulting, LLC

    Defendants.

## RULE 26(f) PLANNING REPORT

1.  Pursuant to Fed. R. Civ. P 26(f), L. R. 16.01 and this Court's First Order and Notice Regarding Discovery and Scheduling, counsel for the parties conferred as directed by the Court and agreed upon the items set forth below.

2.  Pre-Discovery Disclosures: In accordance with the Court's Order the parties will exchange the initial disclosure information required by Fed.R.Civ. P. 26(a)(1) and Local Rule 26.01 on or before October 30, 2018.

3.  Discovery Plan: The parties propose the following discovery plan:

    (a) Subjects of discovery: Discovery will be needed on, but is not limited to, the following subjects:

        (i). Liability: Did the Defendant Jennifer Randall Reyes breach the standard of care in providing counseling services to the decedent, Evan M. Harris; Were the breaches of the standard of care a proximate cause of the wrongful death of the decedent, Evan M. Harris.

    (ii) Damages:  What damages did the beneficiaries of the Estate of Evan M. Harris sustain as a result of his wrongful death and what amounts should be awarded for statutory damages pursuant to the West Virginia Wrongful Death Statute (i.e., (A) Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the

decedent; (B) compensation for reasonably expected loss of (I) income of the decedent, and (ii) services, protection, care and assistance provided by the decedent; (C) expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death; and (D) reasonable funeral expenses.)

(b) The parties agree that all discovery should be commenced so as to be completed by September 30, 2019.

(c) The parties agree to that each side will be permitted to issue 50 Interrogatories and 50 Requests for Admission, but will otherwise comply with the Local Rules of Civil Procedure for the Northern District of West Virginia regarding the amount of time to respond to interrogatories and requests for admission. The parties also request that the number of depositions per each side be limited to 15 (excluding eyewitnesses to the incident, emergency medical and fire department personnel, medical examiner/coroner and investigating offices, since these are witnesses of interest to all parties and there may well be more than 15 of them), and they agree that no deposition shall last more than 7 hours.

4. Other Items:

(a) The parties request a pretrial conference in December of 2019.

(b) Amendments to pleadings and motions to add parties shall be filed on or before December 1, 2018; all parties retain the right to seek leave of court or amend and/or add parties thereafter.

(c) Final lists of trial witnesses and exhibits under Rule 26(a)(3) shall be due from the parties on November 20, 2019. If additional unanticipated issues are raised by such disclosure, rights of discovery will be extended to the parties.

(d) Objections to final trial list of witnesses and exhibits to list objections under Rule 26(a)(3) shall be due from the parties on November 30, 2019.

(e) The parties agree that potentially dispositive motions should be filed on or before October 20, 2019. Responses to dispositive motions shall be due November 15, 2019; and sur-replies due on November 30, 2019.

(f) The parties will have ten (10) days after service of final trial list of witnesses and exhibits to list objections under Rule 26(a)(3).

(g) This case should be ready for trial by January 2020. At this time, it is expected that the case will require 5 days for trial.

5. Motions Currently Pending before the Court: None

6. Matters Addressed in Local Rule 16.01:

(a) The parties at this time do not believe that this case is appropriate for designation as "complex" and the parties should be able to complete discovery within a reasonable time.

(b) The parties have not reached agreement on any stipulations of fact at this time.

(c) The parties are not agreeable to proceed to trial by the magistrate.

(d) Settlement prospects are presently unknown.

(e) The parties propose that the case be mediated on or before October 20, 2019.

(f) The parties respectfully request that this Court conduct the scheduling conference in this matter by telephone.

                                      Respectfully submitted,

                                      Friedrichs Harris, Administrator

s/David A. Sims

_____
David A. Sims (#5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P.O. Box 5349
Vienna, West Virginia 26105
304-428-5291
304-428-5293 (fax)
david.sims@mywvlawyer.com