## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA
## ELKINS

**FRIEDRICHS HARRIS**, Administrator
of the Estate of Evan M. Harris,

    Plaintiff,

v.                                                                            **Civil Action No. 2:18-CV-39**
                                                                           **(BAILEY)**

**JENNIFER RANDALL REYES** and
**BIG TOP COUNSELING & CONSULTING, LLC**,

    Defendants.

### ORDER APPROVING WRONGFUL DEATH SETTLEMENT AND DISTRIBUTION

Pending before this Court is Plaintiff's Petition for Court Approval of Wrongful Death Settlement and Distribution [Doc. 25], filed on August 27, 2019. The parties have entered into a Settlement Agreement, wherein defendants agree to pay a confidential sum in exchange for resolution of this action. In accordance with the West Virginia wrongful death statute, W. Va. Code § 55-7-7, plaintiff seeks court approval of the settlement and distribution.

This Court has reviewed the Petition, the signed consents of each of the beneficiaries, and the record in this case, and finds as follows:

1. The decedent, Evan M. Harris, was a participant in Journey WV, a program run by Q&A Associates, Inc., from approximately September 2015 until his death.

2. Defendant Jennifer Randall Reyes was a counselor providing services to Evan Harris while he was participating in the Journey WV program and was the managing member of defendant Big Top Counseling & Consulting, LLC.

3. On January 24, 2016, Evan Harris committed suicide on Journey WV property.

4. On March 9, 2016, plaintiff was appointed as the Administrator of the Estate of Evan M. Harris by the Deputy Clerk of the 24th Judicial District Court for the Parish of Jefferson, in the State of Louisiana [Doc. 1-1].

5. On April 9, 2018, Friedrichs Harris, as the Administrator of his son's estate, instituted this action against defendants.

6. Plaintiff alleged that the defendants' negligence and breach of the standard of care caused or contributed to the wrongful death of Evan Harris, and sought damages as the Administrator of the Estate.

7. The plaintiff entered into a contingency fee agreement with David Sims, of the Law Offices of David Sims, PLLC. Pursuant to the terms of this agreement, Mr. Sims is entitled to 40% of any recovery obtained from defendants, together with reimbursement of expenses incurred in the action. This Court finds that Mr. Sims provided good and valuable services to plaintiff, that his attorney's fees are fair and reasonable, and that he is entitled to reimbursement of expenses incurred in this action.

8. Following mediation, a settlement was reached by all parties.

9. The settlement includes a confidential monetary figure agreed to by all parties and beneficiaries.

10. At the time of his death, Evan M. Harris was survived by the following individuals, who are beneficiaries under W. Va. Code § 55-7-6:

    a. Friedrichs Harris (father);

    b. Kathleen Stull Harris (mother); and

    c. Emily Harris (sister).

11. None of the above-listed beneficiaries are minors or otherwise incompetent, and there are no other known potential beneficiaries pursuant to W. Va. Code § 55-7-6, including no individuals who were financially dependent upon Evan Harris at the time of his death or would otherwise be equitably entitled to share in a distribution of the settlement.

12. As evidenced by his executed Petition for Court Approval of Wrongful Death Settlement and Distribution and his executed Consent to Settlement and Distribution, Friedrichs Harris has knowingly and voluntarily waived any right he may have to the settlement proceeds, and consents to the settlement and distribution [Docs. 25, ¶ 26; 26 at 1–2].

13. As evidenced by her executed Consent to Settlement and Distribution, Emily Harris has knowingly and voluntarily waived any right she may have to the settlement proceeds, and consents to the settlement and distribution [Doc. 26 at 6–8].

14. Plaintiff has proposed, and the other beneficiaries have agreed, that the settlement funds, after the payment of attorney's fees and expenses, shall be paid to Kathleen Stull Harris, and Kathleen Stull Harris has executed a Consent to Settlement and Distribution [Id. at 3–4].

15. All known beneficiaries were given proper notice of the settlement or waived notice by consenting to the distribution.

16. All beneficiaries aver that this distribution is fair, just, and in the best interests of the beneficiaries of Evan M. Harris's Estate [Doc. 26 at 1–8].

17. Based on the foregoing, this Court finds that the settlement between plaintiff and defendants is fair, reasonable, and made in good faith, and therefore does approve the settlement.

18. Plaintiff is hereby authorized to make the following distributions:

    a. Payment of legal fees to the Law Offices of David A. Sims, PLLC, in the amount specified in the contingency fee agreement;

    b. Payment of expenses to the Law Offices of David A. Sims, PLLC, in the amount that was identified to this Court in its confidential filing; and

    c. Payment of the balance of the settlement proceeds to Kathleen Stull Harris, as the remaining beneficiaries have specifically waived any claim to the settlement proceeds.

19. In authorizing the payment of the balance of the settlement proceeds to Kathleen Stull Harris, this Court finds the following: (1) that each of the other beneficiaries is competent to enter into a Consent to Settlement and Distribution, which specifically asks this Court to award the money to Kathleen Stull Harris; (2) that each of the beneficiaries were advised as to the settlement amount; (3) that each of the beneficiaries has specifically approved of the distributions; (4) that the distributions were specifically disclosed to each beneficiary, including the attorney's fees and expenses; and (5) that each beneficiary has voluntarily signed a Consent to Settlement and Distribution.

20. Pursuant to the agreement of the parties, defendant shall remit the one-percent (1%) MPLA assessment fee to the Board of Risk and Insurance Management.

21. Plaintiff is hereby authorized to sign a full and final release of all claims against the defendants which were brought or could have been brought as a part of this lawsuit in exchange for the payment of the settlement proceeds.

Accordingly, Plaintiff's Petition for Court Approval of Wrongful Death Settlement and Distribution **[Doc. 25]** is hereby **GRANTED**. This Court further **ORDERS** that this civil action

be, and the same is, hereby **DISMISSED WITH PREJUDICE** and retired from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** August 29, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE